IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE CURTIS WILSON, | 2:07-cv-01808-ATG (HC) |
|     Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| M.S. EVANS, | |
|     Respondent. | |

Petitioner Willie Curtis Wilson ("Wilson" or "Petitioner") is in custody of the California Department of Corrections and Rehabilitation following his convictions for murder and second degree robbery. In his petition, he does not challenge the validity of his conviction; instead, Wilson challenges the constitutionality of a prison disciplinary action taken against him for possession of an inmate manufactured weapon. Wilson argues that he was denied the right to call a witness at his disciplinary hearing, although in his administrative appeal following the hearing, he made no such claim. For the reasons stated below, Wilson's petition is DENIED.

**FACTUAL & PROCEDURAL BACKGROUND**

On April 14, 2005, during routine cell searches, prison staff uncovered an inmate-made weapon in Wilson's cell, which he shared with one other individual. The weapon was a piece of black plastic sharpened to a point and it was hidden within the mattress' stuffing. Wilson was issued a Rules Violation Report, also referred to as an RVR or CDC-115, for Possession of an

Inmate Manufactured Weapon. Records show that Wilson did not request any witnesses at the time the RVR was issued, or at the hearing itself. (Opp'n to Pet'n, Ex. 3). At the hearing, which was held on May 26, 2005, Wilson pled not guilty and stated only that he never slept on the mattress in his cell but instead slept on the steel because it "helped his back." (Opp'n to Pet'n, Ex. 3). The Senior Hearing Officer ("SHO") at the hearing found Wilson guilty, based on a preponderance of the evidence, and Wilson was assessed a 360-day credit loss. Wilson appealed the decision, first to the Second Level of Review (SLR) and then to the Director's Level Review (DLR). Wilson claimed that based on statements made by his cellmate Antonio Leevy, the RVR should have been dismissed. At both the SLR and DLR, Wilson's appeals were denied because Wilson did not make the requisite showing that he was not provided a fair and unbiased hearing.

On May 12, 2006, Wilson filed in Sacramento County Superior Court a petition challenging his punishment. On September 13, 2006, the petition was denied. First, the court found that Wilson had not properly exhausted his administrative remedies because his appeal never raised the claim that the SHO had refused to allow inmate Leevy to testify at the hearing. Second, the court dismissed Wilson's claim that the SHO refused to consider evidence that Leevy accepted responsibility for the weapon, noting that there was no evidence showing that Wilson had presented the SHO with Leevy's statement, and in any case, since the SHO's decision was supported by "some evidence" to support the disciplinary decision, Wilson was not entitled to any relief.

On August 31, 2006, Wilson filed an appeal in California's Third Appellate District. The petition was summarily denied on September 13, 2006. On March 13, 2007, Wilson appealed the decision to the California Supreme Court. That petition was also summarily denied, on July 11, 2007. Wilson's timely filing in this court followed.

**STANDARD OF REVIEW**

Title 28, United States Code, § 2254(a), sets forth the following standard of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (West 2008).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") creates a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Womack v. Del Papa*, 497 F.3d 998, 1001 (9th Cir.2007) (internal quotations and citations omitted). To obtain federal habeas relief, Wilson must satisfy either § 2254(d)(1) or § 2254(d)(2). *See Williams v. Taylor*, 529 U.S. 362, 403 (2000). The Supreme Court interprets § 2254(d)(1) as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13; *see also Lockyer v. Andrade*, 538 U.S. 63, 73-74 (2003). The "objectively unreasonable" standard is not met by a showing of error or of an incorrect application (as opposed to an objectively unreasonable application) of the governing federal law. *Andrade*, 538 U.S. at 75; *Bell v. Cone*, 535 U.S. 685, 694, 699 (2002) (stating "it is not enough to convince a federal habeas court that, in its independent judgment, the state court decision applied [the Supreme Court precedent] incorrectly"). As the Supreme Court explained, this standard is different from the "clear error" standard in that "[t]he gloss of clear error fails to give proper deference to state court by conflating error (even clear error) without unreasonableness." *Andrade*, 538 U.S. at 75.

When there is no reasoned decision from the highest state court, this court "looks through" to the underlying appellate court decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06, (1991). A state court need not cite Supreme Court precedent when resolving a habeas corpus claim. *Early v. Packer*, 537 U.S. 3, 8 (2002). "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent,]" *id.*, the state court decision

will not be "contrary to" clearly established federal law. *Id.*

## DISCUSSION

Although three claims are listed, Petitioner makes only one substantive claim in his petition. He alleges that his procedural and due process rights were violated because he was denied the right to call witnesses at his May 26, 2005 disciplinary hearing, and that prison officials subsequently ignored his cellmate's statement that the mattress did not belong to Wilson. Petitioner's claim fails for the reasons described below.

**I. Petitioner has failed to exhaust his administrative remedies and the claim is therefore procedurally barred.**

First, as a procedural matter, petitioner's claim, as presented in his federal habeas petition, fails because he did not properly exhaust the claim administratively. The requirement of exhaustion serves several important purposes. It allows the appropriate development of a factual record in an expert forum; conserves the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allows the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings. *Ruviwat v. Smith,* 701 F.2d 844, 845 (9th Cir.1983). Where an inmate fails to timely pursue his administrative remedies, that failure is treated as a procedural default that bars relief. *Nigro v. Sullivan*, 40 F.3d 990, 993 (9th Cir.1994). However, a district court may decline to consider the issue of procedural default and consider the merits of the issue.

Here, although petitioner had filed an administrative appeal, and pursued it through the highest level of review, his appeal did not allege that he was not permitted to call witnesses at his disciplinary hearing, as he now claims in his federal petition. Petitioner presented his cellmate's "affidavit" only at the second level of review, after the hearing was completed. The court cannot hear a federal petition for writ of habeas corpus unless the highest state court was given a full and fair opportunity to hear a claim. 28 U.S.C. § 2254(a). The "fair presentation" requirement is not satisfied if the state's highest court does not reach the merits of a claim due to the procedural context in which it was presented. *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir.1994). If the petitioner fails to exhaust, but may be able to exhaust in the future, the petition

should be dismissed, not procedurally barred. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Where a petitioner fails to properly exhaust his claim in state court and the claim "can no longer be raised because of a failure to follow the prescribed procedure for presenting such an issue, however, the claim is procedurally barred and the petition must be denied." *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir.1991). Wilson's claims are procedurally barred under state law because if he tried to administratively appeal his claim now, his appeal would be rejected as expired under the state prison's appeal policy. Cal. Code Regs. Title 15, § 3084.6.

In this case, the California Supreme Court denied Petitioner's state petition with a cite to *In re Dexter*, 25 Cal.3d 912 (1979), which holds that "a litigant will not be afforded judicial relief unless he has exhausted available prison administrative remedies." Petitioner failed to exhaust his administrative remedies before seeking collateral review in the state courts. Presenting the state habeas petition to the California Supreme Court under such circumstances essentially foreclosed any consideration of the merits of the petition. Thus, it was not "fairly presented" and is barred from federal habeas review. *Castille*, 489 U.S. at 351; *Roettgen*, 33 F.3d at 38.

**II.    The Decision meets the "Some Evidence" Standard**

In *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974), the Supreme Court held that due process at a prison disciplinary hearing is satisfied if a prisoner receives: (1) written notice of the charges against the prisoner in advance of the hearing; (2) a brief period of time, no less than twenty-four hours, to prepare for the hearing; (3) an impartial hearing body; (4) a written statement of the decision by the factfinder regarding the facts relied upon and the reasons for the disciplinary action; (5) an opportunity to call witnesses and present documentary evidence; (6) an opportunity to seek the aid of a fellow inmate or prison staff on complex matters.

Here, Petitioner was afforded each of these due process elements. Petitioner received a copy of the RVR on April 27, 2005. Petition attended the hearing on May 26, 2005 and stated only that "[s]imply but I do not sleep on a mattress for religious and medical reasons. There was no mattress on my bunk, only boxes, shoes and things from under the bed to make search easier and quicker." Ex. 3 to Answer. Petitioner received a copy of the decision after the conclusion

of the hearing. *Id.* There is no evidence to suggest that petitioner requested a witness *prior* to the hearing, as is required by the regulations. Furthermore, there is no indication that he attempted to and was denied the opportunity to submit his cellmate's declaration ad the hearing. Ex. 2 to Answer. Since petitioner received all the due process afforded to him under *Wolff*, this claim is denied.

A disciplinary conviction resulting in the loss of good time credits must be supported by "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 445 (1984). Under this standard, the relevant question is only whether there was any evidence in the record that would support the board's disciplinary decision. This Court is not to re-weigh the evidence or assess the credibility of witnesses in making its determination on whether the standard was met. *Id.* at 455.

Petitioner does not deny that the weapon was found in his mattress in his cell. Regardless of his subsequent claim that it belonged to his cellmate, the fact that prison officials recovered it from his mattress is sufficient to meet the "some evidence" standard. *See, e.g.*, *Hamilton v. O'Leary*, 976 F.2d 341, 345-47 (7th Cir. 1992) (holding that when contraband is found in a place where only a few inmates have access, use of the constructive possession doctrine to satisfy the *Hill* standard is "unproblematical"). Here, only two people had access to petitioner's mattress - petitioner and his cellmate. The disciplinary conviction was, therefore, based on "some evidence" and must be upheld.

**CONCLUSION**

Petitioner's claim is procedurally barred, and fails on the merits as well, since there is some evidence to support prison officials' decision. Accordingly, the petition is DENIED.

Dated: August 3, 2009

/s/ Alfred T. Goodwin
ALFRED T. GOODWIN
UNITED STATES CIRCUIT JUDGE